IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| David James Hosley, Jr., <br>     Petitioner, <br><br> v. <br><br> Director Harold Clarke, <br>     Respondent. | ) <br> ) <br> ) <br> )     1:21cv660 (RDA/MSN) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

David James Hosley, Jr. ("Petitioner"), a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his May 6, 2016 convictions in the Circuit Court of the City of Newport News, Virginia.[1] By Order dated June 30, 2021, the Court directed a response to the petition and Respondent has filed a Motion to Dismiss, with a supporting brief and exhibits. [Dkt. Nos. 9-11]. Petitioner has filed a response [Dkt. No. 14] after receiving the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition will be dismissed.

### I. Background

Petitioner is in the custody of the Virginia Department of Corrections ("VDOC") pursuant to a May 6, 2016 judgment by the Circuit Court of the City of Newport News, Virginia and is currently housed at Wallens Ridge State Prison. On February 11, 2016, Petitioner was convicted of seven felonies: one count of aggravated malicious wounding in violation of Virginia Code § 18.2-51.2(A); two counts of first-degree murder in violation of Virginia Code § 18.2-32;

---

[1] Petitioner filed his habeas petition in the United States District Court for the Western District of Virginia on May 7, 2021. [Dkt. No. 1]. Because venue was proper in this Court, the Western District transferred the matter to this Court on May 28, 2021. [Dkt. No. 2].

one count of possession of a firearm on school property in violation of Virginia Code § 18.2-308.1; and three counts of the use of a firearm in the commission of a felony in violation of Virginia Code § 18.2-53.1. On May 6, 2016, the circuit court sentenced Petitioner to a total of 168 years in prison and then suspended 125 years of that sentence. Commonwealth v. Hosley, Case Nos. 15-00208 through 15-00211 and 15-00213 through 15-00215; [Dkt. No. 11-1].[2]

Petitioner filed a timely appeal of his convictions in the Court of Appeals of Virginia, alleging that the evidence was both insufficient to show premeditation and that it failed to exclude that another individual committed the offenses. Hosley v. Commonwealth, Record No. 069-16-1. The Court of Appeals denied his petition for appeal on December 15, 2016 in a *per curiam* order, and a three-judge panel of that court affirmed the denial on February 21, 2017. [Dkt. No. 11-2]. The Supreme Court of Virginia refused his subsequent appeal to that court in a summary order dated October 18, 2017. Hosley v. Commonwealth, Record No. 170272; [Dkt. No. 11-3] (hereinafter "VSCT R. at ___").

On October 11, 2018, Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of the City of Newport News, Hosley v. Clarke, Case No. 18H01677. [Dkt. No. 11-4].[3] The state petition raised five claims: the Commonwealth violated his Fifth Amendment rights; counsel was ineffective for failing to conduct pretrial investigation; counsel was ineffective in his cross-examination of state witnesses during the preliminary hearing; counsel was ineffective for not objecting to evidence as inadmissible in violation of Petitioner's right against self-

---

[2] An indictment charging Petitioner with possession of a firearm after having been convicted of a non-violent felony in violation of § 18.2-308.2(A) was severed for a separate trial, and then terminated by entry of a *nolle prosequi* on June 13, 2016 after Petitioner was sentenced. Case No. CR15000212-00.

[3] The petition was physically filed in the circuit court on October 29, 2018, but October 11, 2018 is the date Petitioner executed his state habeas petition and is the earliest date it could have been delivered to prison authorities to be mailed to the circuit court. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

incrimination; and counsel was ineffective for failing to impeach a witness. [Id. at 2]. The circuit court dismissed the petition in an order dated January 24, 2020, finding that the first claim was barred pursuant to the rule of Slayton v. Parrigan, 215 Va. 27, 29 (1974), and that the remaining four claims alleging ineffective assistance of counsel had no merit. [Dkt. No. 11-4 at 5-11]. Petitioner's subsequent petition for appeal to the Supreme Court of Virginia challenging the circuit court's dismissal of his state habeas petition was dismissed on February 4, 2021 because the notice of appeal had not been timely filed. Hosley v. Clarke, Record No. 200479; [Dkt. No. 11-5] (citing Va. Sup. Ct. R. 5:9(a)).[4] Hosley's petition for rehearing was denied May 13, 2021.[5]

Petitioner's § 2254 habeas petition was filed on April 15, 2021,[6] and raises five grounds for relief:

(1) The Commonwealth of Virginia violated the Fifth Amendment by compelling petitioner to be a witness against himself.

(2) Trial counsel was ineffective because he failed to properly investigate a

---

[4] Rule 5:9(a) provides that

[n]o appeal will be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court pursuant to Rule 5:5(a), counsel for the appellant files with the clerk of the trial court a notice of appeal and at the same time mails or delivers a copy of such notice to all opposing counsel. A notice of appeal filed after the court announces a decision or ruling — but before the entry of such judgment or order -- is treated as filed on the date of and after the entry.

The circuit court record indicates that the notice of appeal was dated June 23, 2020, and was stamped filed on June 29, 2020. Regardless of which date is used, the notice of appeal was due within thirty days of the January 24, 2020 order and was clearly not filed until nearly four months after it had been due.

[5] The Supreme Court of Virginia construed Petitioner's motion for reconsideration as a petition for rehearing. The petition for rehearing alleged that the court had violated its own order, based upon a December 16, 2020 letter from the court's Clerk to Petitioner in which the Clerk provided Petitioner with a copy of his petition for appeal in order for Petitioner to serve opposing counsel. Petitioner alleged that the Clerk had stated he did "not need to file a motion for extension of time." (VSCT R. at 102). While partially accurate, in that the Clerk did make a statement to that effect in the letter, Petitioner takes the Clerk's statement out of context. The Clerk's statement in the letter was made in the context of the timeliness of the service of a copy of the petition for appeal. The Clerk was not addressing the timeliness of the appeal itself. (VSCT R. at 105).

[6] The cover letter accompanying the § 2254 petition [Dkt. No. 1-2], is dated April 15, 2021. For purposes of this motion, April 15, 2021, is the earliest that Petitioner could have placed his petition in the institutional mailroom. See Houston, 487 U.S. at 276.

3

                message he had received and thus did not discover exculpatory information.

(3) Trial counsel was ineffective because he failed to effectively cross-examine a state's witness although evidence was available to impeach him.

(4) Trial counsel was constitutionally deficient because he did not object to a witness's testimony about statements petitioner made that were admitted in violation of the Fifth Amendment. 18-1540 2254

(5) Trial counsel was ineffective because he failed to impeach a witness with inconsistencies in her statements given during interviews with police.

Respondent has moved to dismiss the § 2254 petition as barred by the statute of limitations and because the claims are defaulted.

## II. Statute of Limitations

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year period, however, the Court must exclude the time during which Petitioner's properly filed state collateral proceedings were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts).

The Supreme Court of Virginia refused Petitioner's direct appeal on October 18, 2017. Petitioner's conviction, therefore, became final on Tuesday, January 16, 2018, when the time to file a petition for a writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13.1; Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for

seeking direct review has expired . . .") (citing 28 U.S.C. § 2244(d)(1)(A)).

The federal statute of limitations was tolled on October 11, 2018, when Petitioner executed his state habeas petition, which he filed in the circuit court on October 29, 2018. At that point, 265 days of the one-year federal statute of limitations had lapsed. The tolling continued until January 24, 2020 when the circuit court dismissed the habeas petition. Because Petitioner did not file his notice of appeal in a timely manner, however, his appeal was not properly filed.

Only a properly filed petition for appeal, appealing a lower court's decision regarding a habeas corpus petition, tolls the statute of limitations from the date of the lower court's decision until the appellate court issues a decision. Rodgers v. Angelone, 113 F. Supp. 2d 922, 929-30 (E.D. Va. 2000), aff'd, 5 F. App'x 335 (4th Cir. 2001); see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (observing that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," which includes the "form of the document"). In Pace, the United States Supreme Court held "that time limits, no matter their form, are 'filing' conditions" and where the state court rejects a habeas petitioner's collateral "petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." 544 U.S. at 417. Petitioner is not entitled to statutory tolling after the dismissal of his state habeas petition by the circuit court on January 24, 2020 and the remaining 100 days of the federal one-year statute of limitations expired on Monday, May 4, 2020. The present petition was filed on April 15, 2021. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill, 277 F.3d at 707.

The United States Supreme Court has held that a habeas petitioner may be permitted to file a federal habeas petition out of time if he can establish his entitlement to equitable tolling,

5

which requires that the petitioner show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). The Fourth Circuit has explained that equitable tolling is reserved for "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330.

In his response to the motion to dismiss, Petitioner claims that special orders issued by the Supreme Court of Virginia tolled the periods for filing and thus his state habeas petition and the subsequent appeal were properly filed because "they were both subject to COVID tolling in Virginia." [Dkt. No. 14]. The records from the Supreme Court of Virginia establish that this argument was never raised in the that court and that the grounds actually raised in the petition for rehearing, see, supra at note 5, had no merit. Moreover, the tolling provisions of the special orders issued by the Supreme Court of Virginia did not apply to time periods that expired prior to the date the first special order was issued.

The circuit court entered its final order dismissing the state habeas petition on January 24, 2020, which made the notice of appeal due thirty days later on Monday, February 24, 2020. See Va. Sup. Ct. R. 5:9(a). The Period of Judicial Emergency declared by the Supreme Court of Virginia began three weeks later on March 16, 2020. See Virginia's Judicial System, https://www.vacourts.gov/main.htm, (click on Home Tab, click on Supreme Court of Virginia Orders of Judicial Emergency in Response to Covid-19 Emergency, click on March 16, 2020 Declaration of Judicial Emergency) (last viewed Oct. 13, 2021) (hereinafter "Emergency Orders"). The period of judicial emergency in Virginia did not begin until after the time had

6

passed for Petitioner to file the notice of the appeal. And though subsequent emergency orders addressed tolling, the subsequent orders expressly stated the tolling only applied for the "duration of this Order." See Emergency Orders (click on March 27, 2020 Order Extending Declaration of Judicial Emergency).[7] Petitioner's argument has no basis in law or fact. The petition does not attempt to demonstrate that Petitioner pursued his rights diligently or that some extraordinary circumstance prevented him from filing in a timely manner.[8]

### III. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must have presented the Supreme Court of Virginia with the same factual and legal claims raised in his § 2254 petition. See, e.g., Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002).

Even though the merits of Petitioner's federal habeas claims have not been presented to

---

[7] Tolling in Virginia under the Emergency Orders ceased on July 20, 2020. See Emergency Orders (click on July 8, 2020 Seventh Order Extending Declaration of Judicial Emergency). The Emergency Orders also clarified how tolling applied under the Emergency Orders prior to the cessation of the tolling provisions on July 20, 2020. In the April 22, 2020 Emergency Order, the Supreme Court of Virginia stated that the tolling suspended deadlines and the running of statutes of limitations only during the period of the judicial emergency.

[8] In essence, Petitioner is attempting to argue the Supreme Court of Virginia erred in ruling his notice of appeal was not timely filed. Errors of state law, however, are not cognizable in federal habeas, Swarthout v. Cooke, 562 U.S. 216, 219 (2011), and errors in state habeas proceedings are also not grounds for federal relief. Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state post-conviction proceedings are not cognizable on federal habeas review). Further, no Emergency Orders had been issued by the Supreme Court of Virginia until after the time had already expired for filing a notice of appeal in the circuit court. To the extent Petitioner may be trying to argue detrimental reliance of some sort, such an argument has no merit. Petitioner could not have relied on something that did not exist.

the Supreme Court of Virginia, his claims are deemed exhausted because they would be found to be defaulted if Petitioner presented his claims in a subsequent state habeas petition. Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (stating that a claim is "technically" exhausted if "a state procedural rule would bar consideration if the claim [if it] was later presented to the state court") (citing Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).[9] Thus, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and . . . prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." Id. at 162.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). A court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Petitioner has not established either cause or prejudice to excuse his default, and the record does not indicate either cause or prejudice. Furthermore, no miscarriage of justice occurred in this matter. Consequently, even if the § 2254 petition had been timely filed, the default in state habeas precludes federal review of the claims in Petitioner's § 2254 petition.

---

[9] If Petitioner attempted to reassert the defaulted claims in a second state habeas petition, the claims would be found to be either successive and barred by Virginia Code § 8.01-654(B)(2), untimely under the state habeas statute of limitations under § 8.01-654(A)(2), or barred under both statutes.

8

## IV. Conclusion

For the foregoing reasons, this petition must be dismissed with prejudice. An appropriate Order shall issue.[10]

Entered this 13 day of October, 2021.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[10] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner fails to meet this standard.